## SUPERIOR COURT

Bertha. F. McCarthy and Arline Dowing
vs.    P.A.No.1957
Ellen McCarthy

RESCRIPT

December 9, 1924

BAKER, J. This is a probate appeal from a decree of the Probate Court of the city of Newport, admitting to probate as the last will and testament of one Edward Sullivan, a certain instrument bearing date December 9, 1922.

The verdict of the jury sustained the will in question and the appellants are asking for a new trial on the ground that said finding is against the weight of the evidence.

From the testimony it appears that the deceased was a man over sixty years of age. The instrument in question was drawn at the Newport Hospital and was executed the day before Mr. Sullivan's death. At this time he was suffering from diabetes and dropsy, and was more or less paralyzed from his waist down. There is a conflict in the testimony as to whether or not his right hand was also paralyzed. The evidence shows that the instrument in question was executed about 11 o'clock in the morning of Dec. 9th.

The appellants contend that it appears clearly from the testimony that at this time Mr. Sullivan was not in such a condition, either mentally or physically, as to enable him to draw up and execute the instrument in question, and also that he was unduly influenced by one John McCarthy, a witness to the will. The testimony on this last point is not very convincing. It is evident that there is considerable feeling between the appellants and other relatives of the deceased on both sides. The chief question is as to the capacity of the deceased.

On this point for the appellants the doctor and the nurse testified that in their opinion he was not physically or mentally capable of making a will on the morning of December 9th. They said, in substance, that about an hour after the making of the will he became unconscious or sank into a coma.

On the other hand, the witness to the instrument, John McCarthy, and the attorney who went to the hospital and drew the instrument, both testified that, at the time Mr. Sullivan gave instructions as to the will, he was in full exercise of his mental faculties and knew what he was doing. It also appears from their testimony that at the time instructions were given John McCarthy was not in the immediate presence of the deceased. It also appears that the former was not a beneficiary under the will, although his mother was. A will drawn approximately six months before Mr. Sullivan's death left most of the estate to the appellants, but other wills drawn prior to that date follow the general scheme of the will in dispute.

As can readily be seen, the testimony was sharply conflicting. The case, in the opinion of the court, is clearly one for the determination of the jury. It has seen fit to accept

the testimony of the attorney who drew the instrument and the other attesting witness rather than the testimony of the doctor and the nurse as to the deceased's condition at the time when the will was drawn and executed. The question of the credibility of the witnesses was, of course, also for the jury to pass on.

On all the testimony in the case, in the judgment of the court, the verdict is supported by a fair preponderence of the testimony.

The appellants' motion for a new trial is denied.

For Appellants: Sheffield & Harvey.

For Appellee: Robert M. Franklin.